INHABITANTS OF LEEDS, appellants from decision of the COUNTY COMMISSIONERS.

Androscoggin. Opinion January 1, 1884.

*Ways. County commissioners. Committee.*

A road was laid out by the county commissioners in the towns of Greene and Leeds; Leeds appealed to a committee and the committee affirmed the proceedings of the commissioners. *Held*, that Leeds cannot object to the acceptance of the report of the committee because they gave no notice of their hearing of parties to Greene; nor because an order of notice does not appear upon the docket, although contained in the commission; nor because one of the original petitioners for the road was made one of the committee, the person having been agreed upon by the parties with full knowledge of the fact, and no objection having been raised thereto, until at the argument before the law court.

ON EXCEPTIONS.

An appeal by the town of Leeds from the decision of the county commissioners of Androscoggin county in laying out a road, through the towns of Greene and Leeds.

The committee was appointed by the court, by consent; its report affirmed the proceedings of the county commissioners. The exceptions were to the ruling of the court in accepting the report of the committee.

*George C.* and *Charles E. Wing,* for the appellants.

The statute provides that the committee shall give such notice as the court shall order. The docket entries show an absence of any order of notice by the court. If the clerk undertakes to act in the place of the court he should give legal notice, and at least each town through which the road passes should be notified. The road located was in the towns of Leeds and Greene. The clerk in this instance issued the warrant to the committee and ordered the notice to be given that is specified in the warrant. If it be competent for him to omit one party, he can of course in the absence of any legal restriction omit two, and if two, then he can with safety and propriety exercise his own wishes and taste as to whom shall have notice and what parties shall be left to obtain notice of hearings involving their property rights in the best way available to them. We submit that the court made no order concerning the notice; that the act of the clerk is not the act of the court, and that if erroneous it should not be adopted by the court.

We call the attention of the court to the fact as shown by the original petition, that Daniel Lara, one of the committee, was also one of the original petitioners.

*A. R. Savage,* for the original petitioners.

PETERS, C. J. A road was was laid out by county commissioners in the towns of Greene and Leeds. Greene was content with the proceeding, but Leeds appealed from it. Under the appeal, a committee was appointed who reported that the proceedings of the commissioners be affirmed. Leeds excepts to the order of the court accepting the report.

It is objected that the committee gave no notice to the town of Greene. None was necessary to the inhabitants of that town. They stood in the condition of a defaulted defendant, made no appeal, and had no after interest in the litigation. They were, presumably, satisfied with the road as established by the commissioners. It does not belong to the town of Leeds to speak in behalf of the town of Greene.

It is further objected, that the notice served by the committee upon the town of Leeds was illegal, because not expressly dictated and ordered by court. The objection is not sound. No order of notice appears on the court docket, but the customary notice from the committee was required by the commission to the committee, and the return shows that the notice was given. There is always some presumption of regularity pertaining to the execution of official business. In this matter the presumption is, that the act of the clerk was the act of the court. Appointing the committee was an implied authority to the clerk to issue the customary commission, and accepting the report of the committee ratifies the act.

It is lastly objected against the report of the committee, that one of the committee was an original petitioner for the road. Although of the same name, there is no other evidence that they are the same person. The objection appears to be taken first here, instead of at *nisi prius*. The persons constituting the committee were agreed upon by the parties with their eyes open, and the appellants are estopped from this objection after their assent has been acted upon, and the mission of the committee consummated.

*Exceptions overruled.*

WALTON, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.